J. T. GREER v. ARNETTE.

Bail Bond—Taken before County Court.

> Under Sec. 61 and 67, and Sec. 80, Criminal Code, the county judge
> has the right to take a bail bond, when the defendant was legally in
> custody and charged with a public offense, this right extending to any
> time before the commencement of the first term of the circuit court
> after commitment.

APPEAL FROM CRITTENDEN CIRCUIT COURT.

April 20, 1872.

OPINION OF THE COURT BY JUDGE LINDSAY:

The answer in this case does not refer to, or in any way bring
before the court, the action of the committing magistrates, nor
of the judge of the common pleas court.

It is true certain papers purporting to be the records or minutes
of proceedings had before these officers are copied into the tran-
script before us, but for the reason indicated they can not be
considered on this appeal.

The recitals of the forfeited bond show that Albert Greer was
legally in custody charged with a public offense; that he had
been admitted to bail in the sum of seven hundred dollars, and
that the bond was taken by the presiding judge of the Crittenden
County Court.

By Section 61, Criminal Code, such officer had the right to
take such bond at any time before the commencement of the
first term of the Crittenden Circuit Court, after his commitment
to jail. Nor is it material that said Greer was not brought before
such judge upon a written petition as provided for in Section
77, Criminal Code.

The county judge had the undoubted right to take the bond
and it is expressly provided in Section 80, that "No bail bond
or bail recognizance shall be deemed to be invalid, by reason of
any variance between its stipulations and the provisions of this
Code, or of the failure of the magistrate or officer to transmit
or deliver the same at the times herein provided, *or of any other*

*irregularity,* so that it be made to appear that the defendant was legally in custody, charged with a public offense, and that he was discharged therefrom by reason of the giving of the bond ʼr recognizance, and that it can be ascertained from the bond or recognizance that the bail undertook that the defendant should appear before a magistrate for an examination of the charge, or before a court for the trial thereof." Tested by the standard of responsibility fixed by this section there can be no doubt but that the bond and answer of the appellant warranted the judgment of the circuit judge.

Such judgment must, therefore, be affirmed.

*Marble, for appellant.*
*Attorney General, for appellee.*